# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

THOMAS SHADWICK,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendants.

Case No.09-CV-739-GKF-FHM

## **OPINION AND ORDER**

The Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) filed by Plaintiff's counsel, [Dkt. 32] is before the court for decision. The Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) is GRANTED.

The court remanded this case to the Commissioner for further administrative action, pursuant to sentence four of 42 U.S.C. § 406(g). [Dkt. 23]. On September 19, 2011, the Commissioner issued a fully favorable decision. Counsel's motion for relief under Rule 60(b)(6) was filed just under a month after the issuance of the decision. Counsel represents that, as of the date of filing the instant motion, the Notice of Award containing the amount of past due benefits has not been received. Consequently, the amount of the contingent attorney fee cannot be ascertained. Counsel requests an order allowing the filing of the motion for 406(b) fees within thirty days of receipt of the Notice of Award. In response to the instant motion, "[t]he Commissioner declines to assert a position on this request." [Dkt. 32, p. 1]. However, the Commissioner asserts that if the Court were to grant the motion, that "might impact any potential objection that Plaintiff may have to the timeliness of a future motion for fees under 406(b)." *Id.* at 2.

The instant motion requests a period of 30 days from the date of counsel's receipt of the Notice of Award, which the court finds is reasonable. The court finds that the delay in filing a motion for fees under §406(b) caused by the timing of the Commissioner's issuance of a Notice of Award does not present a rational reason for the court to deny counsel permission to promptly file the motion for fees which is dependent on the issuance of the Notice.

This court has commented on what it views as the appropriate action to take when circumstances as are present in this case prevent the filing of a 406(b) motion. In *Bernal v. Astrue*, 611 F.Supp.2d 1217, 1220 (N.D. Okla. 2009), the court stated:

> So it will be abundantly clear and so there will be no question about the issue in the future, counsel is placed on notice that a reasonable time for filing a motion under Rule 60(b)(6) for consideration of a motion for fees under §406(b)(1) will be considered in terms of weeks or months, not years. Further, the calculation of a reasonable time is measured from the date of the Commissioner's decision awarding benefits. *McGraw*, 405 F.3d at 505; *Early*, 2008 WL 4492602 at *3. In the event that circumstances arise that impact the accurate calculation of §406(b)(1) fees, it is appropriate to promptly file the motion for fees and to advise the court of the relevant circumstances.

(footnote omitted). Counsel's motion is a reasonable application of the instructions in *Bernal*.

The Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) filed by Plaintiff's counsel, [Dkt. 30] is GRANTED. A motion for an attorney fee award under §406(b), together with the required notice to Plaintiff and statement concerning any objection thereto, may be filed within 30 days of the Notice of Award.

SO ORDERED this 1st of December, 201·

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE